**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ADELAIDA RODRIGUEZ, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.  1:20-cv-838 |
| vs. | § | |
| | § | **COMPLAINT** |
| TITLEMAX OF TEXAS, INC., IVY | § | Jury Trial Demanded |
| FUNDING COMPANY, LLC, AND | § | |
| HOSS INVESTMENTS, LLC. | § | |
| Defendants. | § | |

## NATURE OF ACTION

1.    Plaintiff, Adelaida Rodriguez, brings this action against Defendants TitleMax of Texas, Inc. ("TMT"), Ivy Funding Company, LLC ("IVY"), and Hoss Investments, LLC ("Hoss") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*, and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Ms. Rodriguez's action occurred in this district, where she resides in this district, and where Defendants transact business in this district.

4.    "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may

1

'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

### THE FAIR DEBT COLLECTION PRACTICES ACT

7.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8.      "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

9.      "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

10.     Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

11.     After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

## THE TEXAS DEBT COLLECTION ACT

12.     In 1973, the Texas State Legislature enacted the Texas Debt Collection Act to "control and curtail the practices used in the collection of debt" which the legislature viewed unethical and harassing to consumers.  *See* House Comm. on Judiciary, Bill Analysis, Tex. S.B. 252, 63rd Leg., R.S. (1973).

13.     Among the TDCA's requirements, any debt collector engaging in debt collection from consumers in the state of Texas must obtain a surety bond: "A third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section."  Tex. Fin. Code § 392.101.

14.     To further this purpose and to promote transparency and fairness, the TDCA further requires that: "A copy of the bond must be filed with the secretary of state."  *Id* .

15.     Like the FDCPA, the TDCA is a strict liability lawsuit which does not require proof of actual damages in order to recover statutory damages under the Act. *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App. 2009).

## BATTERY

16.     Under Texas law, the elements of battery are: (1) a harmful or offensive contact; (2) with a plaintiff's person. *Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 616 (E.D. Tex. 1998) (citing *Price v.* Short, 931 S.W.2d 677, 687 (Tex.App.—Dallas 1996, n.w.h.); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex.1967).

17.     "[A]ctual physical contact is not necessary to constitute a battery, so long as there is contact with clothing or an object closely identified with the body." *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967).

## PARTIES

18.     Ms. Rodriguez is a natural person who at all relevant times resided in the State of Texas, County of Caldwell, and City of Lockhart.

19.     Ms. Rodriguez is allegedly obligated to pay a debt.

20.     Ms. Rodriguez is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21.     TMT is a company that regularly purchases or services consumer paper in the form of automobile loans.

22.     TMT is an entity in whose favor a security interest was created in the vehicle at issue in this matter.

23.     TMT is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

24.     At all times relevant, TMT was an entity that directly or indirectly engaged in debt collection.

25.     TMT is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

26.     IVY is a Texas limited liability company in the business of writing consumer loans in the state of Texas.

27.     IVY is an entity in whose favor a security interest was created in the vehicle at issue in this matter.

28.     IVY is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73)

29.     At all times relevant, IVY was an entity that directly or indirectly engaged in debt collection.

30.     IVY is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

31.     Hoss is a Texas limited liability company.

32.     At all relevant times, Hoss was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

33.     Hoss is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

34.     On or about June 5, 2019, Ms. Rodriguez obtained a title loan on her 2010 GM Sierra (the "Vehicle").

35.     Ms. Rodriquez purchased and used the Vehicle for her own personal, family, and household use.

36.     The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

37.     As part of her loan agreement, Ms. Rodriguez granted TMT and IVY a security interest in the Vehicle.

5

38.     The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE §
9.102(a)(12).

39.     Thereafter, TMT and IVY engaged their repossession agent, Hoss, to repossess
the Vehicle.

40.     On or about November 6, 2019, in the early morning, Hoss went to Ms.
Rodriguez's home to repossess the Vehicle.

41.     When Hoss's employee arrived at Ms. Rodriguez's home, Ms. Rodriguez noticed
Hoss's employee attempting to repossess the Vehicle.

42.     She ran out and immediately confronted Hoss's employee and protested the
repossession loudly and vehemently.

43.     Ms. Rodriguez jumped inside the Vehicle and refused to leave.

44.     Hoss's employee disregarded Ms. Rodriguez's protests and lifted the Vehicle
while she occupied it.

45.     Thereafter, Hoss towed away the Vehicle away with Ms. Rodriguez's inside it—
half-dressed, barefooted, and screaming.

46.     Ms. Rodriguez continued her screaming and began honking the Vehicle's horn.

47.     Eventually, Hoss's employee pulled over and demanded that Ms. Rodriguez leave
the Vehicle.

48.     Ms. Rodriguez refused and Hoss's employee called the police.

49.     The police arrived on the scene and offered intervention and aid to Hoss's
repossession.

50.     The police demanded that Ms. Rodriguez leave the Vehicle.

51.     Seeing no alternative, Ms. Rodriguez complied with the officers' directive.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**HOSS**

52.    Ms. Rodriguez repeats and re-alleges each factual allegation contained above.

53.    Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."   TEX. BUS. & COM. CODE § 9.609(b)(2).

54.    However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

55.    A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank*

*& Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

56.     Ms. Rodriguez confronted Hoss's repossession agent, and loudly, ardently, and unequivocally protested Hoss's repossession.

57.     Once Ms. Rodriguez confronted Hoss's employee and protested the repossession, Hoss lost the right to continue with the repossession.

58.     Nonetheless, Hoss continued with its repossession and thereby breached the peace.

59.     Further, a repossession agent enlisting the police to assist with a repossession constitutes a constructive use of force and a breach of the peace. *See Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980); *Stone Mach. Co. v. Kessler*, 463 P.2d 651 (Wash. Ct. App. 1970); *see also First & Farmers Bank of Somerset, Inc.*

*v. Henderson*, 763 S.W.2d 137 (Ky. Ct. App. 1988) (use of constable when debtor verbally objected to repossession not constructive but actual breach of peace).

60.     Hoss breached the peace by enlisting the help of police officers in its repossession.

61.     Additionally, Hoss used force on the body of Ms. Rodriguez and thereby breached the peace.

62.     A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

63.     By continuing with its repossession after it lost the right to do so, Hoss violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Rodriguez's property where the property was exempt by law from such dispossession.

WHEREFORE, Ms. Rodriguez prays for relief and judgment, as follows:

a) Adjudging that Hoss violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Ms. Rodriguez statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Ms. Rodriguez actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Ms. Rodriguez reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Ms. Rodriguez pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
## IVY

64.     Ms. Rodriguez repeats and re-alleges each factual allegation contained above.

65.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

66.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

67.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

68.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *MBank El*

10

*Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *see also Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *McCall v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

69.     IVY's repossession agents, Hoss, breached the peace by continuing its repossession in the face of Ms. Rodriguez's loud, ardent and unequivocal protest, using force on the body of Ms. Rodriguez, and by enlisting the help of police officers to accomplish its repossession.

70.     IVY violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agents, Hoss, breached the peace to repossess Ms. Rodriguez's Vehicle.

WHEREFORE, Ms. Rodriguez prays for relief and judgment, as follows:

a)     Adjudging that IVY violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b)     Awarding Ms. Rodriguez statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c)   Awarding Ms. Rodriguez actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d)   Awarding Ms. Rodriguez pre-judgment and post-judgment interest as permissible by law; and

e)   Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)**
**TMT**

71.      Ms. Rodriguez repeats and re-alleges each factual allegation contained above.

72.      Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  TEX. BUS. & COM. CODE § 9.609(b)(2).

73.      However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id*.

74.      A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

75.      Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

76.      TMT's repossession agents, Hoss, breached the peace by continuing its repossession in the face of Ms. Rodriguez's loud, ardent and unequivocal protest, using force on the body of Ms. Rodriguez, and by enlisting the help of police officers to accomplish its repossession.

77.     TMT violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agents, Hoss, breached the peace to repossess Ms. Rodriguez's Vehicle.

WHEREFORE, Ms. Rodriguez prays for relief and judgment, as follows:

a)   Adjudging that TMT violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b)   Awarding Ms. Rodriguez statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c)   Awarding Ms. Rodriguez actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d)   Awarding Ms. Rodriguez pre-judgment and post-judgment interest as permissible by law; and

e)   Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF TEX. FIN. CODE § 392.301**
**ALL DEFENDANTS**

78.     Ms. Rodriguez repeats and re-alleges each and every factual allegation contained above.

79.     IVY and TMT's repossession agent, Hoss, engaged in illegal conduct by continuing its repossession in the face of Ms. Rodriguez's loud and unequivocal protest.

80.     IVY and TMT's repossession agent, Hoss, engaged in illegal conduct by breaching the peace during its repossession.

81.     IVY and TMT's repossession agent, Hoss, engaged in illegal conduct by battering Ms. Rodriguez.

82.     As the secured parties that hired Hoss, TMT and IVY are liable for Hoss's conduct.

13

83.     TMT and IVY violated TEX. FIN. CODE § 392.301(a)(8) by threatening to take and taking—through their agent, Hoss—an action prohibited by law in connection with the collection of Ms. Rodriguez's alleged debt.

84.     TMT and IVY violated TEX. FIN. CODE § 392.301(a)(1)) by using or threatening to use, through their agent, Hoss, violence or other criminal means to cause harm to Ms. Rodriguez.

WHEREFORE, Ms. Rodriguez prays for relief and judgment, as follows:

a)  Adjudging that Hoss violated TEX. FIN. CODE § 392.301(a)(8);

b)  Adjudging that Hoss violated TEX. FIN. CODE § 392.301(a)(1);

c)  Adjudging that TMT and IVY as the secured parties that hired Hoss are liable for Hoss's violation of TEX. FIN. CODE § 392.301(a)(8).

d)  Adjudging that TMT and IVY as the secured parties that hired Hoss are liable for Hoss's violation of TEX. FIN. CODE § 392.301(a)(1).

e)  Awarding Ms. Rodriguez injunctive relief pursuant to the TDCA;

f)  Awarding Ms. Rodriguez actual damages pursuant to the TDCA;

g)  Awarding Ms. Rodriguez reasonable attorneys' fees and costs incurred in this action;

h)  Awarding Ms. Rodriguez any pre-judgment and post-judgment interest as permissible by the law; and

i)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### BATTERY
### ALL DEEFNDANTS

85.     Ms. Rodriguez repeats and re-alleges each factual allegation contained above.

14

86.     Hoss committed a battery when it lifted and towed Ms. Rodriguez's vehicle while she occupied it.

87.     Hoss's actions in purposefully lifting the vehicle and towing it while she occupied it evidence that its actions in this matter were outrageous and guided by an evil mind.

88.     IVY and TMT, as the secured parties that hired Hoss, are liable for Hoss's battery.

WHEREFORE, Ms. Rodriguez prays for relief and judgment, as follows:

a)   Adjudging that Hoss committed a battery on the person of Ms. Rodriguez;

b)   Adjudging that TMT and IVY, as the secured parties that hired Hoss, are liable for their battery;

c)   Awarding Ms. Rodriguez her actual damages in an amount to be proved at trial;

d)   Awarding Ms. Rodriguez exemplary damages in an amount to be proved at trial

e)   Awarding Ms. Rodriguez pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

89.     Ms. Rodriguez is entitled to and hereby demands a trial by jury.

Dated: August 10, 2020

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:     602-388-8898
Facsimile:      866-317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff